# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bevan Xavier Brooks, # 105083, | ) C/A No. 8:10-689-TLW-BHH |
| *aka Bevan Xavier Brooks Sr* | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | )   (partial summary dismissal) |
| Captain Curtis L. Bufford; Captain Michael Higgins; Sgt. | ) |
| Timothy Lepet; Ofc. Marcus Smith; Ofc. Kenneth | ) |
| Brown; Ofc. Bowman; Lt. Samuel Jackson; Lt. Don | ) |
| Weston; Lt. John Fogle; Ofc. David Riley; Ofc. Prelough | ) |
| (Preylow); Sgt. Robert Waters; Sgt. Larry Jones; Sgt. | ) |
| Nathaniel Smith; Director Renaldo Myers, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This is a civil action filed *pro se* by a detainee in Richland County's Alvin S. Glenn

Detention Center against the facility's director and numerous officers.  Under Local Rule

73.02(B)(2), pretrial proceedings in this action have been referred to the assigned United

States Magistrate Judge.[1]  Because he alleges violation of his federal constitutional rights

by state-actor Defendants, Plaintiff's Complaint should be liberally construed as an attempt

to allege claims for relief under 42 U.S.C. § 1983.[2]  Plaintiff seeks an award of damages

---

[1]  Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this
magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to
submit findings and recommendations to the District Court.  *See* 28 U.S.C. § 1915(e);
1915A (as soon as possible after docketing, district courts should review prisoner cases
to determine whether they are subject to summary dismissal).

[2]  Section 1983 is the procedural mechanism through which Congress provided a
private civil cause of action based on allegations of federal constitutional violations by
persons acting under color of state law.  *Jennings v. Davis*, 476 F.2d 1271 (8th Cir.
1973).  The purpose of section 1983 is to deter state actors from using the badge of
their authority to deprive individuals of their *federally guaranteed* rights and to provide
relief to victims if such deterrence fails.  *McKnight v. Rees*, 88 F.3d 417(6th Cir.

1

and, through a "Motion for Court Ordered Transfer to Another Facility," requests an immediate transfer from the detention center based on his "life threatening concerns." In addition, Plaintiff seeks "separation/restraining orders" against fourteen of the defendants. (Compl. 2).

## *Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act (PLRA) of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the

1996)(emphasis added).

2

pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to partial summary dismissal as to two Defendants, under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Discussion

The Complaint filed in this case is subject to partial summary dismissal as to Defendants Lt. Samuel Jackson and Sgt. Robert Waters because, following a careful review of the Complaint, the undersigned has found that there are absolutely no allegations of any kind, much less of wrongdoing, contained in the Complaint against these Defendants. Under 28 U.S.C. § 1915(e)(2)(B), this Court should dismiss an action filed by a prisoner which is "frivolous" or "fails to state a claim on which relief may be granted." Since there are no allegations whatsoever of any wrongdoing on the part of Defendant Lt. Samuel Jackson or Defendant Sgt. Robert Waters, Plaintiff's Complaint is both frivolous and fails to state a claim on which relief can be granted as to these Defendants. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389n. 2 (4th Cir. 1990)(dismissal proper where there were no allegations to support claim); *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999); *see also Kuhn v. Milwaukee County*, No. 02-3522, 59 Fed. Appx. 148, *2 (7th Cir., Feb. 18, 2003).

In absence of substantive allegations of wrongdoing against Defendants Jackson and Waters, there is nothing from which this Court can liberally construe any type of viable

3

cause of action against them arising from the Complaint.  It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for state prisoners or *pro se* litigants.  *See  Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Recommendation

Accordingly, it is recommended that the District Court partially dismiss the Complaint in this case against Defendant Lt. Samuel Jackson and Defendant Sgt. Robert Waters *without prejudice* and without issuance and service of process.  *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The Complaint should be served on the remaining Defendants.

Plaintiff's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

April 12, 2010
Greenville, South Carolina

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).